**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GEORGE PYLE,**

                **Plaintiff,**

**-vs-**                                              **Case No. 6:07-cv-59-Orl-19DAB**

**SELECTBUILD FLORIDA, LLC. f/k/a**
**WBC Construction, LLC,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

      The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on April 17, 2007 with counsel for both parties participating by telephone.

Based on the representations of counsel, Plaintiff was employed by Defendants from January 2004 to October 2005 as a supervisor of subcontractors, doing manual labor like pouring concrete slabs, doing layouts. Doc. No. 16-2. Defendant disputed Plaintiff's classification and amount of overtime; Plaintiff originally sought a guestimated amount of $10,428 for ninety-one weeks of fifteen hours of alleged unpaid overtime, plus liquidated damages. After review of the time records produced by Defendant, Plaintiff has revised his claim and states that the settlement to Plaintiff of $7,883 in unpaid wages and liquidated damages represents 100% of the disputed principal amount Plaintiff sought.

The parties have agreed that Defendant will pay Plaintiff's attorneys $5,000 in attorney's fees and costs. Plaintiff's counsel represented to the Court that, although he did not prepare a precise itemization (to avoid driving up the cost of the settlement with the additional time to compile it) the amount of time spent was consistent with that spent in similar FLSA cases. The Court has previously found that a reasonable rate for Mr. Pantas is between $250 and $300; thus, for a $5,000 fee, approximately 16 to 20 hours spent on the case. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $7,883 to Plaintiff for unpaid wages and liquidated damages, and $5,000 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 17, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy